**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62386-CIV-ALTONAGA**

**JUAN JOSE VARGAS DIVAS**,

Petitioner,

v.

**WARDEN, BROWARD TRANSITIONAL CENTER**, *et al.*,

Respondents.
______________________________/

**ORDER**

**THIS CAUSE** came before the Court on *pro se* Petitioner, Juan Jose Vargas Divas's Verified Petition for [a] Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 [ECF No. 1], filed on August 26, 2026.[1] Respondents filed a Response [ECF No. 8], to which Petitioner filed a Reply [ECF No. 9]. For the following reasons, the Petition is denied.

## I. BACKGROUND

Around March 2006, Petitioner, a Guatemalan citizen, entered the country without inspection. (*See* Pet. ¶¶ 7, 16; Resp. 2 (citation omitted)).[2] On July 22, 2026, Petitioner encountered immigration authorities at a gas station in Doral, Florida. (*See* Pet. ¶¶ 1, 26; Resp. 2

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

(citation omitted)). He was arrested and taken to the Broward Transitional Center in Pompano Beach, Florida. (*See* Pet. ¶¶ 1, 26–29). He has been detained there since. (*See id.* ¶ 1).

On July 24, 2026, Petitioner filed his first habeas petition through counsel, seeking, among other things, a bond hearing. (*See* Resp. 2 (citing *Vargas Divas v. U.S. Immigr. & Customs Enf't*, No. 26-cv-62036, O.S.C. & for Produc. of Evid. [ECF No. 3], filed July 24, 2026 (S.D. Fla. 2026)). That same day, the court ordered Respondents to provide Petitioner "an individualized bond hearing pursuant to 8 U.S.C. [section] 1226(a)[.]" *Vargas Divas*, No. 26-cv-62036, O.S.C. & for Produc. of Evid. 1 (alterations added; citing *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1261 (11th Cir. 2026)).

On July 31, 2026, an immigration judge ("IJ") conducted an individualized hearing. (*See* Resp., Ex. A, Order of the IJ [ECF No. 8-1] 1–3). The IJ noted Petitioner requested a custody redetermination under 8 C.F.R. section 1236; applied *Matter of Guerra*, 24 I & N. Dec. 37 (BIA 2006); and considered Petitioner's family ties, residence, and other evidence. (*See id.*). The IJ determined that Petitioner presented a flight risk and denied bond. (*See id.*). Petitioner reserved his right to appeal the decision to the Board of Immigration Appeals (*see id.* 4), but he did not do so (*see* Resp. 2; Reply 5 ("Exhaustion should be excused here.")).

On August 26, 2026, Petitioner filed the present Petition, asserting two claims for relief. (*See generally* Pet.). First, Petitioner contends he is being detained without an individualized custody determination, as section 1226(a) requires. (*See* Pet. ¶¶ 42–46). Second, Petitioner contends his detention without individualized review violates the Fifth Amendment's Due Process Clause. (*See id.* ¶¶ 47–52). Petitioner asks the Court to order Respondents to release him or provide an individualized bond hearing under section 1226(a). (*See id.* 8).

According to Respondents, Petitioner already received an individualized bond hearing on July 31, 2026, and the hearing complied with section 1226(a). (*See* Resp. 1–2). Respondents contend section 1226(e) deprives the Court of jurisdiction to review the IJ's discretionary bond determination. (*See id.* 1–3). Respondents also argue Petitioner has failed to exhaust his administrative remedies because he did not appeal the IJ's bond denial to the BIA. (*See id.* 2–4).[3] Petitioner acknowledges he received a hearing on July 31, 2026, but he maintains it was improperly conducted under section 1225(b). (*See* Reply 2).

## II. LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

The Court first addresses Respondents' jurisdiction-stripping argument before turning to the merits of the Petition.

***Jurisdiction.*** Respondents argue the Court lacks jurisdiction to review the IJ's discretionary denial of bond. (*See* Resp. 3–4). The Court agrees in part.

Section 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e) (alteration added).

---

[3] Because exhaustion is nonjurisdictional, the Court may "skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (alteration added; citation omitted). The Court takes that approach here.

The provision precludes an alien from challenging "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (alteration adopted; quotation marks omitted; citing *Demore v. Kim*, 538 U.S. 510, 516 (2003)). But it does not preclude challenges to "the statutory framework that permits [an alien's] detention without bail." *Demore*, 538 U.S. at 517 (alteration added; citation omitted); *see also Jennings*, 583 U.S. at 295 (citation omitted).

Petitioner contends the IJ improperly treated him as subject to mandatory detention under section 1225(b) rather than discretionary detention under section 1226(a). (*See* Reply 1–4). The Court has jurisdiction to review the legal authority and procedures governing Petitioner's detention. *Cf. Perez Velazco v. Mullin*, No. 26-cv-22026, 2026 WL 1758217, at *5 (S.D. Fla. June 18, 2026) ("[T]he applicability of [section] 1225 or [section] 1226 is not a matter of discretion[] . . . . [T]his purely legal question of how the statutory framework is meant to operate . . . falls squarely within the range of questions that courts are empowered to answer." (alterations added)); *Castillo v. Field Off. Dir. of Enf't & Removal Operations, Miami, Field Off., Immigr. & Customs Enf't*, No. 25-25296-cv, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("[Section] 1226(e) does not preclude challenges to the procedures used in custody determinations under [section] 1226." (alterations added; citations omitted)).

To the extent Petitioner also seeks reconsideration of the IJ's weighing of the evidence, determinations of credibility, or other discretionary judgments, the Court lacks jurisdiction to review the IJ's bond denial. *See, e.g.*, *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) ("[T]he district court . . . [acted] as if it were reviewing (and overturning) the IJ's decision to release Velasquez on bond pending his immigration proceedings. However, the district court lacks the authority to do so." (alterations added; citing 8 U.S.C. § 1226(e))). The Court

therefore only considers whether Petitioner received an individualized custody determination, as section 1226(a) requires.

***Merits.*** The record demonstrates that Petitioner has received the individualized bond hearing to which he claims he is entitled. The IJ's written order states that Petitioner "requested a custody redetermination pursuant to 8 C.F.R. [section] 1236" (Order of the IJ 1 (alteration added)), a provision addressing individualized review, *see Novac v. Bernacke*, No. 26-cv-00946, 2026 WL 1623191, at *3–4 (D. Nev. June 5, 2026) (citations omitted). The IJ then applied *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006), internal precedent on individualized review, and considered Petitioner's family ties, residence, employment history, and other evidence before determining that Petitioner presented a flight risk. (*See* Order of the IJ 1–3). Nothing in the order suggests that the IJ treated Petitioner as subject to mandatory detention under section 1225(b).

The Petition is therefore due to be denied. *See, e.g.*, *De Souza v. Soto*, No. cv-25-18734, 2026 WL 102946, at *2 (D.N.J. Jan. 14, 2026) ("As Petitioner received an individualized bond hearing, the Court finds he has received the relief he was entitled to under [section] 1226(a)." (alteration added)); *Prajapati v. Larose*, No. 26-cv-1209, 2026 WL 813909, at *1–2 (S.D. Cal. Mar. 24, 2026) (denying a claim that detention without an individualized determination violated due process where the petitioner had already been given an individualized bond hearing); *cf. Lopez Mendez v. Raycraft*, No. 1:26-cv-497, 2026 WL 925577, at *3 (W.D. Mich. Apr. 6, 2026) ("[T]here

is no question that Petitioner has received the protections granted by Congress because Petitioner already received the bond hearing to which he claims he is entitled." (alteration added)).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Petitioner, Juan Jose Vargas Divas's Verified Petition for [a] Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 **[ECF No. 1]** is **DENIED**. Final judgment will issue by separate order. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 6th day of November, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**